**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| LEROY T. MOORE, | : |
| | : |
| Plaintiff, | : Civil No. 05-1134 (FLW) |
| | : |
| v. | : **OPINION** |
| | : |
| STATE OF NEW JERSEY, et al., | : |
| | : |
| Defendants. | : |

**APPEARANCES**:

    LEROY T. MOORE, #299658C,47235, Plaintiff Pro Se
    Bayside State Prison, Unit C
    4293 Route 47, P.O. Box F-1
    Leesburg, New Jersey 08327

**WOLFSON, DISTRICT JUDGE**

    Plaintiff Leroy T. Moore ("Moore") currently confined in Bayside State Prison ("BSP") seeks to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915 (1998). Based upon Moore's affidavit of indigence, this Court will (1) grant Plaintiffs' application to proceed in forma pauperis; (2) direct the Clerk of the Court to file the Complaint without pre-payment of the filing

fee; (3) assess the $250.00 filing fee against Plaintiff; and (4) direct the agency having custody of the Plaintiff to forward payments from Plaintiff's institutional account to the Clerk of the Court each month the amount in the account exceeds $10.00, until the $250.00 filing fee is paid in full, regardless of the outcome of the litigation.  See 28 U.S.C. §1915 (a), (b)(1), (b)(2), (b)(4).

Pursuant to 28 U.S.C. §§ 1915 (e)(2) and 1915A, the Court has reviewed the Complaint to identify cognizable claims.  The Court will permit the denial of access to courts claim to proceed as against Defendants Leone, Atlenborough, Marchina, Goff, and George, and dismiss the remainder of the Complaint.

## I. BACKGROUND

Plaintiffs bring this action pursuant to 42 U.S.C. § 1983[1] seeking damages for alleged violations of his right secured by the Constitution and laws of the United States.  Defendants are

---

[1]  42 U.S.C. § 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

the State of New Jersey, the Middlesex County Prosecutor's Office; Devon Brown, Commissioner of the New Jersey Department of Corrections; Charles C. Leone, Administrator of BSP; corrections officers Atlenborough, Marchina and Goff; and Isaac P. George, librarian at BSP. (Compl., Caption and ¶¶ 4, 6.)

Plaintiff asserts the following facts in support of his claims: On January 28, 2005, he was sent to the prison social services office and responded to a telephone call from the Middlesex County Prosecutor's Office. (Compl., ¶ 6.) Plaintiff spoke with a prosecutor, who requested any information Plaintiff possessed concerning a certain law enforcement officer of the Borough of Carteret, in regard to a pending matter, (Id.) Plaintiff states that he had no other information about the individual except for a letter he had received from a third party; Plaintiff turned over this letter for faxing to the prosecutor (Id.) Approximately two hours later, Defendants Atlenborough and Marchina confiscated Plaintiff's regular and legal mail; Altenborough allegedly telling Plaintiff that he was told to do so by his boss. (Id.) Plaintiff states that his personal property should not have been confiscated, as he is not a suspect and has not been charged with any offense (beyond that resulting in his present imprisonment). (Id.) Plaintiff contends that his property was seized without probable cause. (Id.) In addition, Plaintiff asserts that Defendants George and

3

Goff denied him law library access on February 1, 2005, "which has stopped this Plaintiff from making a legal call, receiving notary service, photocopying services, and [other] procedure[s] necessary to meet a deadline for filing legal documents. (Id.)

## II. DISCUSSION

A.  Standard for Dismissal

Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); accord Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993). The Court "must determine whether, under any reasonable reading of the pleadings, the plaintiff[] may be entitled to relief, and . . . must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (citing Holder v. Allentown, 987 F.2d 188, 194 (3d Cir. 1993)).

A pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). "Under our liberal pleading rules, during the initial stage of litigation, a district court should construe all allegations in a complaint in favor of the complainant" and give "credit to the

4

allegations of the complaint as they appear[] in the complaint." Gibbs v. Roman, 116 F.3d 83, 86 (3d Cir. 1997); see also Kulwicki v. Dawson, 969 F.2d 1454, 1462 (3d Cir. 1992). "When it appears beyond doubt that no relief could be granted under any set of facts which could be proved consistent with the allegations of the complaint, a dismissal pursuant to Rule 12(b)(6) is proper." Robinson v. Fauver, 932 F. Supp. 639, 642 (D.N.J. 1996) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

To establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by a person acting under color of state law and that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994); Shaw v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990). Section 1983 does not confer substantive rights, but provides a remedy for the deprivation of rights protected by federal law. Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985); see also Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 590 (3d Cir. 1998).

Plaintiff also must assert and prove some causal connection between a Defendant and the alleged wrongdoing in order to recover against that Defendant.  See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977); Lee-Patterson v. New Jersey Transit Bus Operations, Inc., 957 F. Supp. 1391, 1401-02 (D.N.J. 1997).  "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citing Parratt, 451 U.S. at 537 n.3).  Causal connection is shown where a Defendant (1) participated in violating Plaintiff's rights; (2) directed others to violate them; (3) as the person in charge, had knowledge of and acquiesced in his subordinates' violations; or (4) tolerated past or ongoing misbehavior.  Friedland v. Fauver, 6 F. Supp.2d. 292, 302-03 (D.N.J. 1998) (citing Baker v. Monroe Tp., 50 F.3d 1186, 1190-91 & n.3 (3d Cir. 1995)).  The Court will now analyze Plaintiff's claims to determine whether dismissal is warranted.

B.  The State of New Jersey, the Prosecutor's Office, and Defendant Brown

The Court notes that the State of New Jersey and the Prosecutor's Office are not proper Defendants under 42 U.S.C. § 1983.  See Will v. Michigan Dept. of State Police, 491 U.S. 58

(1989) (neither state nor its officials acting in their official capacities are "persons" under federal civil rights statute); Buchanan v. City of Kenosha, 57 F. Supp. 2d 675, 678 (E.D. Wisc. 1999) (district attorney's office cannot be sued as an entity separate from the individual holding the office or the governmental unit on whose behalf the district attorney acts); Hancock v. Washtenaw County Prosecutor's Office, 548 F. Supp. 1255, 1256 (E.D. Mich. 1982) (county prosecutor's office is not an entity subject to suit under § 1983). In addition, the Complaint at most permits an inference of respondeat superior liability against Defendant Director Brown (there is no indication that this Defendant had prior knowledge and approval of the correction officer's alleged actions on January 28), which is not actionable under 42 U.S.C. § 1983. See Rode, supra. Plaintiff's assertions at most amount to a claim of negligence which also is not actionable under § 1983. See Davidson v. O'Lone, 752 F.2d 817 (3d Cir. 1984) (in banc), aff'd sub nom. Davidson v. Cannon, 474 U.S. 344 (1986) (where a government official is merely negligent in causing injury, no procedure for compensation is constitutionally required). The Court will dismiss all claims against the State of New Jersey, the Prosecutor's Office, and Devon Brown pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

C.  Deprivation of Property

Plaintiff alleges that the defendant correction officers seized his personal property. (Compl., ¶ 6.) The Court will construe this allegation as a Fourteenth Amendment due process claim with respect to the property made unavailable as a result of the seizure. With respect to this claim, there is no cognizable due process claim for a deprivation of property occurring as the result of a lack of due care. Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Asquith v. Volunteers of America, 1 F. Supp.2d 405, 419 (D.N.J. 1998). Moreover, a due process claim for negligent, reckless, or intentional deprivation of property will not lie if the State affords an adequate post-deprivation remedy for the loss. See Parratt v. Taylor, 451 U.S. 527, 543-44 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Hudson v. Palmer, 468 U.S. 517, 536 (1984); Holman v. Hilton, 712 F.2d 854, 856 (3d Cir. 1983).

The New Jersey Tort Claims Act ("NJTCA"), N.J.S.A. § 59:1-1 et seq., provides such a post-deprivation remedy, and was available to Plaintiffs as a matter of law for the property claims asserted in the Complaint. See Holman, 712 F.2d at 857; Asquith, 1 F. Supp.2d at 419. Since adequate state remedies exist, Plaintiffs' due process claim for loss of property will be

dismissed for failure to state a cognizable claim. [2]

### D. Denial of Access to Courts

Plaintiff appears to allege that actions taken by Defendants with respect to his legal materials violated his constitutional right of access to the courts. (Compl., ¶ 12.) Plaintiff lacks standing to raise this claim unless he alleges actual injury by Defendants' alleged interference with his access to the courts. See Lewis v. Casey, 518 U.S. 343, 349-55 (1996); Oliver v. Fauver, 118 F.3d 175, 177-78 (3d Cir. 1997). As Plaintiff has stated that he was prevented from preparing to meet a legal filing deadline, the Court will permit this claim to proceed at this time as against Defendants Atlenborough, Marchina, Goff, George, and Leone (as director of the actions denying access). See Lewis, supra; Oliver, supra.

### E. Violations of New Jersey Law

The Complaint also appears to contain references to violations of New Jersey law with respect to the actions of the Defendants. However, violation of state law does not state a claim under 42

---

[2] The Court is aware that Plaintiff may be barred from pursuing claims under the NJTCA if he failed to file a tort claim notice with the State Attorney General or the Department of Corrections within 90 days of accrual of the claim. See N.J.S.A. §§ 59:8-1 to 59:8-11. However, a statute containing reasonable procedural barriers to suit is neither procedurally inadequate nor unavailable. See Logan v. Zimmerman Brush Co., 455 U.S. 422, 437 (1982); Holman, 712 F.2d at 857, n.3.

U.S.C. § 1983.  Elkin v. Fauver, 969 F.2d 48, 52 (3d Cir.), cert. denied, 506 U.S. 977 (1992); Green v. Patterson, 971 F. Supp. 891, 903 (D.N.J. 1997) (citing Elkin).  The Court will, therefore, dismiss all claims that Defendants violated New Jersey law for failure to state a claim upon which relief may be granted.

### III. CONCLUSION

The Court will grant in forma pauperis status, permit Plaintiff's access to courts claim to proceed as against Defendants Atlenborough, Marchina, Goff, George, and Leone, and dismiss the remaining claims against all Defendants for failure to state a claim upon which relief may be granted.  An appropriate Order accompanies this Opinion.

                                                   s/Freda L. Wolfson  
                                                   **FREDA L. WOLFSON**  
                                          **UNITED STATES DISTRICT JUDGE**

**DATED:**   May 12 , 2005